UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALEJANDRO CASILLAS-PRIETO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 19-cv-00765 (APM) |
| UNITED STATES MARSHAL SERVICE, | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

I.

Plaintiff Alejandro Casillas-Prieto, proceeding pro se, brings this action under the Freedom of Information Act ("FOIA") against the United States Marshals Service ("USMS" or "Defendant"), seeking legal visitation records related to his term of confinement at a USMS contract facility in Fannin County, Texas. For a second time, Defendant moves for summary judgment, stating that the documents Plaintiff seeks are not "agency records" under FOIA. After considering the parties' submissions and the record evidence, the court grants Defendant's motion.

II.

In an October 26, 2017, letter to Defendant, Plaintiff stated that he "need[ed] to obtain copies of [ALL] legal visitation records, e.g.[,] attorneys, law enforcement officials, investigators, . . . includ[ing] the dates, times, and years beginning in 2010 through 2017," from Fannin County Jail. Complaint, ECF No. 1 [hereinafter Compl.], Ex. 3, ECF No. 1-3, at 1. On January 12, 2018, Defendant responded that it had "conducted a search of its records and files in

the Prisoner Operations Division" and failed to locate any responsive records.  Compl., Ex. 5, ECF No. 1-5, at 1.

On March 6, 2019, after unsuccessfully appealing Defendant's determination to the Department of Justice's Office of Information Policy, Plaintiff filed this suit seeking declaratory and injunctive relief.  *See* Def.'s Renewed Mot. for Summ. J., ECF No. 38 [hereinafter Def.'s Renewed Mot.], Mem. of P. & A. in Supp. of Mot. for Summ. J., ECF No. 38-1 [hereinafter Def.'s Br.], at 3.  Afterwards, as an act of good faith, Defendant searched its systems for any records pertaining to Plaintiff.  *Id.* at 4.  The search produced 26 pages of records, which Defendant processed and released to Plaintiff in correspondence dated October 11, 2019.  *Id.*  The records were subject to withholdings pursuant to FOIA Exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F).  *Id.* at 4–5.

On April 1, 2020, Defendant filed its first motion for summary judgment, arguing that its search was adequate and that any withholdings in the voluntarily produced pages were proper.  *See generally* Def.'s Mot. for Summ. J., ECF No. 26, Mem. of P. & A. in Supp. of Mot. for Summ. J., ECF No. 26-1.  On December 7, 2020, the court denied the motion.  *See* Order, ECF No. 35 [hereinafter Order].  The court found a genuine dispute of material fact as to whether Defendant had "control" over the Fannin County records and, thus, whether the records were "agency records" for FOIA purposes.  *Id.* at 2.  As for the voluntarily produced records, Plaintiff did not challenge the application of any exemptions, but Defendant's declaration in support of its motion contained no affirmation regarding the required segregability review, so the court deferred any ruling on summary judgment.  *Id.* at 2–3; *see* 5 U.S.C. § 552(b) ("Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the

portions which are exempt.").  The court permitted Defendant to renew its motion, which it now

has.

## III.

Most FOIA cases are appropriately decided on motions for summary judgment.  *See Defs.*

*of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).  A court may award

summary judgment in a FOIA case by relying on the agency's affidavits or declarations if they are

"relatively detailed and non-conclusory," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.

Cir. 1991) (internal quotation marks omitted), and if they describe "the documents and the

justifications for nondisclosure with reasonably specific detail, demonstrate that the information

withheld logically falls within the claimed exemption, and are not controverted by either contrary

evidence in the record nor by evidence of agency bad faith," *Mil. Audit Project v. Casey*, 656 F.

2d 724, 738 (D.C. Cir. 1981).  The court affords such declarations "substantial weight" if they

meet these requirements.  *Judicial Watch v. U.S. Dep't of Def.*, 715 F.3d 937, 940–41 (D.C. Cir.

2013).

## IV.

## A.

The requested legal visitation records are not "agency records" for the purposes of FOIA.

Under FOIA, federal courts are empowered to "order the production of any agency records

improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  The Supreme Court has

held that for documents to qualify as "agency records," the agency must both (1) "create or obtain"

the requested materials, and (2) "be in control of [them] at the time the FOIA request is made."

*U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144–45 (1989) (quoting *Forsham v. Harris*,

445 U.S. 169, 182 (1980)).  Neither requirement is satisfied here.

As to the first prong, Charlotte Luckstone, Associate General Counsel in the Office of General Counsel, U.S. Marshals Service, attests: "The USMS does not *create*, preserve, and/or retain visitation records (or other similar administrative records) originating from a detention facility with whom the USMS contracts."  Def.'s Renewed Mot., Second Decl. of Charlotte Luckstone, ECF No. 38-3 [hereafter Second Luckstone Decl.], ¶ 11 (emphasis added); *see also id.* ("The USMS does not retain any visitor logs produced by Fannin County."); *id.* ¶ 10 ("[T]he USMS does not maintain in [its] systems any records pertaining to visitor entry at detention facilities.").  Plaintiff provides no countervailing evidence.

Moreover, "[t]he fact that the Fannin County [Jail is] a USMS contract facility does not convert its records into records created . . . by USMS."  *Buholtz v. U.S. Marshals Serv.*, 233 F. Supp. 3d 113, 116 (D.D.C. 2017).  Defendant did not exercise the degree of supervision or control over the requested records necessary for the court to conclude that Fannin County Jail acted on behalf of Defendant in creating the records.  *See* Second Luckstone Decl. ¶ 10 ("USMS does not own or operate any detention facilities (to include the detention facility in Fannin County), and does not own any facilities' record[] keeping systems."); *id.* ¶ 12 ("[E]ach facility with whom the USMS contracts to house USMS prisoners is bound by its own appropriate state and/or local records retention rules and control."); *cf. Burka v. U.S. Dep't of Health & Hum. Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996) (holding that outside firms acted on behalf of a federal agency in creating data tapes when the agency exercised "extensive supervision and control" over data collection and analysis).

Nor can Plaintiff point to the presence of any factors that would establish Defendant's control over the records at the time of his request.  *See Burka*, 87 F.3d at 515 (quoting *Tax Analysts v. U.S. Dep't of Justice*, 845 F.2d 1060, 1069 (D.C. Cir. 1988), *aff'd on other grounds*, 492 U.S.

136 (1989), and instructing courts to consider four factors in determining whether an agency exercises sufficient control over a document to make it an "agency record": "(1) the intent of the document's creator to retain or relinquish control over the records; (2) the ability of the agency to use and dispose of the record as it sees fit; (3) the extent to which agency personnel have read or relied upon the document; and (4) the degree to which the document was integrated into the agency's record system or files.").

Plaintiff offers two responses. First, he contends that Defendant should have requested that the records be forwarded from Fannin County Jail. Pl.'s Reply to Def.'s Second Mot. for Summ. J., ECF No. 41 [hereinafter Pl.'s Reply], at 2. But FOIA "imposes no obligation to compile or *procure* a record in response to a request." *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 151 (1980) (quoting Attorney General's Memorandum on the Public Information Section of the Administrative Procedure Act 23–24 (June 1967), Source Book I, pp. 222–23). Second, he asserts that by maintaining custody of federal prisoners by way of an Intergovernmental Service Agreement, Fannin County Jail is performing a federal function, and thus should be treated as an arm of the USMS. *See* Pl.'s Reply at 3 (citing *United States v. Luedtke*, 771 F.3d 453 (8th Cir. 2014)). *Luedtke*, however, was premised on the application of a criminal statute, 18 U.S.C. § 111, that has no bearing on the present case. *See Luedtke*, 771 F.3d at 454–55. As noted above, *Burka* outlines the two criteria to qualify as an "agency record," and neither exists here.

Because there is no genuine dispute that the legal visitation records sought by Plaintiff are not "agency records" for the purposes of FOIA, the court grants Defendant's motion as to those materials.

B.

As for the segregability of the voluntarily produced records, Defendant has met its obligations under FOIA.[1]  Ms. Luckstone attests that "[a] line-by-line review was conducted to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied," and that "[a]ll segregable information has been released to Plaintiff."  Second Luckstone Decl. ¶ 25.  Such an affirmation, undisputed by Plaintiff, satisfies Defendant's burden. *See Porup v. CIA*, No. 20-5144, 2021 WL 2021615, at *11 (D.C. Cir. May 21, 2021).  Accordingly, the court grants Defendant's motion as to the voluntarily produced records.

V.

For the foregoing reasons, the court grants Defendant's Motion for Summary Judgment, ECF No. 38.  A separate final order accompanies this Memorandum Opinion.

Dated:  June 7, 2021

Amit P. Mehta
United States District Court Judge

---

[1] It remains unclear to the court whether withholding information within *voluntarily* produced but otherwise non-responsive records to a request is subject to challenge under FOIA.  For present purposes, the court assumes that it is. Plaintiff does not challenge any of the information withheld under Exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F), and so the court treats those withholdings as conceded.  Although Plaintiff does not contest segregability, the court nevertheless must consider the question *sua sponte*. *See Johnson v. Exec. Off. for U.S. Att'ys*, 310 F.3d 771, 776 (D.C. Cir. 2002).